GREEN v. STATE OF INDIANA.

[No. 28,827. Filed February 6, 1952. Rehearing denied March 7, 1952.]

T. *Ernest Maholm*, of Indianapolis, for appellant.

*J. Emmett McManamon*, Attorney General; *John Ready O'Connor* and *William T. McClain*, Deputy Attorneys General, for appellee.

DRAPER, J.—In 1942 the appellant was charged in the Lake Criminal Court with the crime of murder. The venue was changed to the Porter Superior Court. He was there tried and found guilty of murder in the second degree and sentenced to imprisonment for life. In March 1951 he instituted this proceeding by way of petition for writ of error *coram nobis*. The core of his contention, as therein asserted for the first time, is that the Porter Superior Court never acquired jurisdiction to try the case because the motion for change of venue from the county was verified, not by him, but by his attorney.

Burns' 1942 Replacement, §9-1301 reads as follows: "The defendant may show to the court, by affidavit,

that he believes he can not receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. . . ."

In *McHargue* v. *State* (1923), 193 Ind. 204, 139 N. E. 316, the defendant was charged with murder in the first degree. A motion for change of judge, verified by defendant's attorney, was filed and overruled. It was held that the verification by the defendant's attorney was insufficient and it was not error to overrule it. That part of the statute above quoted was then and ever since has been in effect.

But from the fact that the court is not required to grant a change of venue where the motion therefor is verified only by the defendant's attorney, and not by the defendant himself, it does not follow that if a change is granted upon such a motion the court to which the cause is venued and in which the case is tried must be held to have been without jurisdiction.

If jurisdiction did not exist, the judgment was void. *Bledsoe* v. *State* (1945), 223 Ind. 675, 64 N. E. 2d 160. But jurisdiction is one thing and venue is another. Venue is procedural and statutory provisions concerning it may be waived. "When an accused voluntarily appears . . . to answer an indictment or affidavit filed in a court which has the power to hear and determine his guilt of the kind of offense with which he is charged, the court has jurisdiction. These elements of jurisdiction—subject matter and person—may not be waived. But the procedural steps by which jurisdiction is invoked are not themselves jurisdictional, and generally speaking, may be waived." *ibid.* See also: *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. 2d 73, 137 A. L. R. 679, Anno. 686.

By the motion for change of venue, which was filed on the day the cause was set for trial in the Lake Criminal Court, it was made to appear that the defendant could not have a fair and impartial trial in Lake County because of the bias and prejudice of the citizens of said county against him. The record shows that after the motion was filed the cause was venued to the Porter Superior Court, a court of competent jurisdiction, "by agreement of parties." Thus it appears that the defendant not only proceeded to trial in the Porter Superior Court without questioning the regularity of the steps leading up to the transfer, but by agreement the cause was venued to the county in which it was tried.

It would savor of absurdity to say, where a change of venue was invoked by a motion verified by one of the defendant's attorneys, and the cause went to an adjoining county by agreement of the parties, where it was tried without objection by a court of competent jurisdiction and a verdict of guilty returned, that the defendant could, some eight years later, successfully maintain in another proceeding that the court was without jurisdiction to try the case. Irregularities in the procedural steps leading up to a change of venue may be waived. *Bledsoe* v. *State, supra;* 22 C. J. S., Criminal Law, §222, p. 348. We hold that the verification by attorney was a procedural irregularity which, under the circumstances of this case, was waived by the defendant. *Fawcett* v. *State* (1880), 71 Ind. 590, upon which the appellant strongly relies, was expressly overruled in *Bledsoe* v. *State, supra.*

In the court below the appellant made a verified showing that he was without funds, and he complains because the trial court refused to furnish him with a transcript for appeal to this court without expense to him, and refused to appoint an

attorney, at the expense of Lake County, to prosecute this appeal. It is well settled by the decisions of this court that one prosecuting proceedings for a writ of error *coram nobis* is not entitled to have counsel or a bill of exceptions containing the evidence furnished to him as a poor person, for the purpose of prosecuting an appeal from a judgment denying the relief sought. The state has provided a public defender to represent those persons who are without funds, with full authority to obtain necessary transcripts at state expense. Acts 1945, ch. 38; Burns' 1942 Replacement (1951 Supp.), §§13-1401, et seq.; *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. 2d 601; *State ex rel. Wheelock* v. *Wiles, Judge* (1946), 224 Ind. 239, 78 N. E. 2d 432; *State ex rel. Delong* v. *Bain, Judge* (1946), 224 Ind. 240, 78 N. E. 2d 431; *Harris* v. *State* (1947), 225 Ind. 115, 73 N. E. 2d 51.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 2d 429.