HICKS *v.* STATE OF INDIANA.

[No. 30,937. Filed November 2, 1967.]

*Dean H. Neeriemer*, of Washington, for appellant.

*John J. Dillon*, Attorney General, and *John F. Davis*, Deputy Attorney General, for appellee.

HUNTER, C. J.—This case comes to this Court on appeal from the denial of defendant's "Petition and Motion to Vacate Judgment and Withdraw Plea" by the Lawrence Circuit Court. The defendant-appellant, William Dennis Hicks, was charged with theft of a pay telephone instrument of the value of One Hundred and Four ($104.00) Dollars. The charge was made by affidavit and upon arraignment, in said Lawrence Circuit Court, after examination by the court, the defendant entered, and the court accepted, a plea of guilty. The defendant was thereafter sentenced to the Indiana Reformatory for not less than one (1) nor more than ten (10) years.

The question upon which the disposition of this appeal turns was not raised by the appellant in his brief. However, it has been held that in cases where the interests, rights and privileges of juveniles are involved, this Court may search the record, and determine issues inherent therein. *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654.

It appears from the record in this case that at the date of the alleged offense, defendant was seventeen (17) years of age. This is a crucial matter in view of the statutes of this State covering the disposition of cases involving juvenile offenders. The statutes particularly relevant to the disposition of this matter provide as follows:

"The juvenile courts created by this act (§ 9-3101—9-3124) shall have original exclusive jurisdiction, except when specifically waived by the court, in such cases as provided by law, in all cases of delinquent . . . children as defined by law . . ." Ind. Anno. Stat., § 9-3103 (Burns', 1956 Repl.)

"The words 'delinquent child' shall include any boy under the full age of eighteen (18) years . . . who:

(2) Commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment . . ." Ind. Anno. Stat. § 9-3204 (Burns', 1956 Repl.)

Ind Anno. Stat. § 9-3207 (Burns', 1956 Repl.) provides that jurisdiction may be obtained by the juvenile court:

"(a) By petition praying that the person be adjudged delinquent or dependent or neglected;
(b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime."

Ind. Anno. Stat. § 9-3213, (Burns', 1956 Repl.) provides:

"If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under the age of eighteen (18) years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, . . ."

Finally, in Ind. Anno. Stat. § 9-3214 (Burns' Supp., 1967) it is provided that:

"If a child fifteen years of age or older is charged with an offense which would amount to a crime if committed by an adult, the judge, after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such court may exercise the powers conferred upon the juvenile court in this act (§ 9-3201—9-3225) in conducting and disposing of such case . . ."

This Court is aware that Lawrence County does not have a separate juvenile court. However, the Juvenile Court Acts have made provision for this contingency:

"In all . . . counties except as may be provided by law otherwise, the circuit court and the judge thereof shall have and possess all the powers and shall perform all the

duties by law conferred on the juvenile court and the judge thereof." Ind. Anno. Stat. § 9-3102 (Burns', 1956 Repl.)

The record in this case reveals that this prosecution was instituted on April 24, 1965, upon the filing of an affidavit charging appellant with theft of a pay telephone of the value of One Hundred and Four ($104.00) Dollars. On the same day a warrant was issued by the Lawrence Circuit Court for the arrest of appellant and appellant was arrested pursuant to such warrant on June 5, 1965. Following a continuance, arraignment was held on October 25, 1965, on which day the court accepted appellant's plea of guilty. On November 2, 1965 appellant was sentenced and later, the petition which is the basis of this appeal was filed. Contained in such petition was appellant's indication that he was only seventeen (17) years of age at the time of the alleged offense.

It is apparent from this record that all of the proceedings below were held before the Lawrence Circuit Court, sitting in its capacity as a criminal court.

In the recent case of *Summers* v. *State, supra,* this Court held that before a criminal court could obtain jurisdiction of a juvenile offender charged with an act which would amount to a crime if committed by an adult, the juvenile court must properly waive its own exclusive jurisdiction of such offender.

There is no indication in the record before us that the Lawrence Circuit Court, sitting in its capacity as a juvenile court, acquired and waived jurisdiction over the person of appellant pursuant to the provisions of either § 9-3207, *supra,* or § 9-3213, *supra.* Therefore, under the provisions of § 9-3213, *supra,* the Lawrence Circuit Court, sitting in its capacity as a criminal court was required at the time it first became aware of appellant's age on the date of the alleged offense, to transfer the case immediately to its juvenile docket.

This Court is fully aware of the following language which appears in *Harris et ux.* v. *Souder, as Superintendent of*

*Indiana Boys School, et al.* (1954), 233 Ind. 287, 119 N. E. 2d 8:

"The Johnson Circuit Court is a court of superior and general jurisdiction under § 4-303, Burns' 1946 Replacement. It exercises general civil, criminal and probate jurisdiction. No additional court was created for Johnson County, and the court or judge thereof in exercising juvenile jurisdiction is not acting as a separate court." (citations and footnotes omitted.) "Different considerations on jurisdiction may be involved if we were deciding such issues coming from a special statutory juvenile court under § 9-3101, Burns' 1942 Replacement (Supp.) and we decide nothing as to such courts." (citations omitted)

The Harris case would deny a juvenile offender his statutory right to be placed under the "exclusive jurisdiction" of a juvenile court, and his statutory right to a proper determination by such court of whether jurisdiction of him should be waived to a criminal tribunal in counties where no separate juvenile court has been created. To that extent the *Harris* case must be overruled.

Under Indiana criminal procedure laws, juveniles are a special class. As was said in *Summers, supra:*

"The State is *parens patriae* rather than prosecuting attorney and judge (in proceedings against a juvenile offender). But the admonition to function in a parental relationship is not an invitation to procedural arbitrariness; because the State is supposed to proceed in respect to a child as *parens patriae* and not as an adversary, courts have relied on the premise that the proceedings are civil in nature and not criminal."

A juvenile offender living in Lawrence County where there is no separate juvenile court, rather than in Marion County, where there is such a court, should not thereby lose his right to the same procedural fairness in Lawrence County as would be accorded him in Marion County.

Art. I, § 23, Constitution of Indiana provides:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

It is well settled that this constitutional provision does not forbid a classification of persons for legislative purposes. *Heckler* v. *Conter, Treas., et al.* (1933), 206 Ind. 376, 381, 187 N. E. 878. However, in discussing legislation intended to protect a particular class of persons, this Court has held:

"But if there are other general classes situate in all respects like the class benefited by the statute, with the same inherent needs and qualities which indicate the necessity or expediency of protection for the favored class, and legislation . . . withholds the same protection from the other class or classes in like situation, it cannot stand." *McErlain, Trustee* v. *Taylor* (1934), 207 Ind. 240, 243-44, 192 N. E. 260.

In view of the position of the Indiana Constitution, for this Court to conclude that under the statutes in question a juvenile offender in Lawrence County is not entitled to be treated as a juvenile before that county's courts, while a juvenile offender in Marion County is so entitled would render our juvenile procedure statutes unconstitutional.

This Court has an unquestionably well-established duty to sustain the constitutionality of an act of the General Assembly if it can be accomplished by a reasonable construction. Any doubt concerning the constitutionality of an act must be resolved in favor of the statute's validity. *Fairchild, Prosecuting Attorney, etc. et al.* v. *Schanke, d/b/a Novel Printing Co., et al.* (1953), 232 Ind. 480, 113 N. E. 2d 159. See also, *Welsh, Governor, et al.* v. *Sells et al.* (1963), 244 Ind. 423, 192 N. E. 2d 753 and cases cited therein.

We feel that the only reasonable construction of the portions of the juvenile procedure statutes hereinbefore quoted requires that, in a county not having a separate juvenile court, the circuit court must sit in its capacity as a juvenile court in initially accepting jurisdiction of

an alleged juvenile offender. In a case where it is not apparent at the outset of a prosecution that the defendant is below the full age of eighteen (18) years at the time of the alleged offense, upon receiving an indication of such fact the court should halt the proceedings and transfer the case to its juvenile docket pursuant to Ind. Ann. Stat. § 9-3213, *supra*, and the matter should thereafter be treated in every respect in accordance with this State's juvenile procedure statutes.

The clear import of this holding is that in counties where there is no separate juvenile court, the circuit court must treat the matter of juvenile offenses as if it were two (2) separate courts—juvenile and criminal—and that such court may only place alleged juvenile offenses on its criminal docket after waiver proceedings in accordance with the juvenile procedure statutes and the rulings of this Court in *Summers* v. *State, supra.*

For the reasons above set out, it is our conclusion that the court below erred in failing to grant withdrawal of appellant's plea of guilty and in failing to transfer this case to its juvenile docket upon being advised of the age of appellant at the time of the alleged offense, since, at that time, it became apparent that the Lawrence Circuit Court, sitting in its capacity as a criminal court, did not have the requisite jurisdiction to convict and sentence the appellant without a proper waiver of him as an adult offender by the court sitting in its juvenile capacity. The conviction is therefore reversed and this case is remanded to the Lawrence Circuit Court for proceedings in accordance with this opinion.

Judgment reversed.

Arterburn, Jackson and Lewis, JJ., concur.

Mote, J., concurs in result.

NOTE.—Reported in 230 N. E. 2d 757.