340 N.E.2d 369 (1976)
Garry Tyrome SEAY, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 1-475A68.
Court of Appeals of Indiana, First District.
January 20, 1976.
John D. Clouse, Evansville, for defendant-appellant.
Theodore L. Sendak, Atty. Gen., Joseph H. Reiswerg, Indianapolis, for plaintiff-appellee.

ON PETITION FOR REHEARING
LOWDERMILK, Judge.
The State's petition in this matter raises several issues for our consideration and we deem it necessary to briefly discuss one of the State's contentions.
The State argues that our original opinion, by requiring that a "request that Seay be found delinquent" be in the record, places a defendant such as Seay in double jeopardy. Specifically, the State contends that our opinion is contrary to the recent United States Supreme Court opinion in Breed v. Jones (1975), 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346.
Initially, we feel that perhaps the problem is merely one of semantics. Our *370 statement in the original opinion regarding a "request that Seay be found delinquent" is nothing more than a determination that juvenile jurisdiction be obtained and that a further investigation be made. Our language does not, and in light of applicable statutes cannot, direct a finding of delinquency at such a stage of juvenile proceedings. The request or petition and the attendant preliminary investigation are completely separate from a hearing on the merits of the charges. See, IC 1971, 31-5-7-7, 31-5-7-8, XX-X-X-XX (Burns Code Ed.).
In Breed, the Supreme Court stated that
"... What concerns us here is the dilemma that the possibility of transfer after an adjudicatory hearing presents for a juvenile, a dilemma to which the Court of Appeals alluded." 95 S.Ct. at 1791.
"Respondent was subjected to the burden of two trials for the same offense; he was twice put to the task of marshaling his resources against those of the State, twice subjected to the `heavy personal strain' which such an experience represents. United States v. Jorn, 400 U.S., [470] at 479, 91 S.Ct. [547] at 554 [27 L.Ed.2d 543]." 95 S.Ct. at 1787.
In the case at bar, Seay faced no such burden inasmuch as waiver from juvenile court was sought and granted prior to any findings in juvenile court on the merits of the delinquency petitions. In terms of Breed, there was no "adjudicatory" proceeding prior to waiver which would have presented the issue of double jeopardy once trial was begun in adult court.
Perhaps one further quotation from Breed will highlight the nature of the petition which we found necessary for juvenile jurisdiction.
The Supreme Court, at 95 S.Ct. 1785, characterized the proceeding which was challenged as one
"... whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years... ."
Clearly, Seay was not subjected to a hearing in juvenile court to determine whether he had in fact committed certain alleged acts. The finding that certain acts would be crimes if committed by an adult should not be confused with a finding that such acts were actually committed by the accused.
Finally, to foreclose other questions which may arise with regard to the nature of the waiver hearing and double jeopardy we note the following statements from Breed:
"... However, the Court has never attempted to prescribe criteria for, or the nature and quantum of evidence that must support, a decision to transfer a juvenile for trial in adult court. We require only that, whatever the relevant criteria, and whatever the evidence demanded, a State determine whether it wants to treat a juvenile within the juvenile court system before entering upon a proceeding that may result in an adjudication that he has violated a criminal law and in a substantial deprivation of liberty, rather than subject him to the expense, delay, strain and embarrassment of two such proceedings.[18]
"[18] We note that nothing decided today forecloses States from requiring, as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding. See Collins v. Loisel, 262 U.S. 426, 429, 43 S.Ct. 618, 625, 67 L.Ed. 1062 (1923); Serfass v. United States, 420 U.S. 377, 391-392, 95 S.Ct. 1055, 1064-1065, 43 L.Ed.2d 265 (1975). The instant case is not one in which the judicial determination was simply a finding of, e.g., probable cause. Rather, it was an adjudication that respondent had violated a criminal statute." 95 S.Ct. at 1790.
*371 IC 1971, XX-X-X-XX (Burns Code Ed.) requires a "full investigation" before waiver. However, neither this section nor the cases cited in the original opinion state that the purpose of such an investigation is to decide whether the accused in fact committed the alleged acts. We find no violation of double jeopardy principles in the Indiana waiver statutes.
In conclusion, we hold that the pre-petition investigation and "petition that [Seay] the person be adjudged delinquent ..." do not constitute a violation of double jeopardy, and do not amount to an "adjudicatory" hearing which is contrary to the opinion of the United States Supreme Court.
We deem it unnecessary to discuss any of the other issues raised by the State in its petition.
Petition denied.
ROBERTSON, C.J., and LYBROOK, J., concur.