KEVIN MURPHY *v.* STATE OF INDIANA.

[No. 2-376A107. Filed July 12, 1977.]

*Ferd Samper, Jr., Grant W. Hawkins, Samper, Samper, Thoms & Hawkins,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Appellant-Defendant Kevin Murphy (Murphy) appeals from his conviction of Robbery,[1] claiming that conviction in an adult court after a waiver hearing in a juvenile court violated the Double Jeopardy Clause[2] of the United States Constitution.

We affirm.

## FACTS

After the filing of a Petition for Delinquency in the Marion County Juvenile Court indicating grounds for declaring Murphy (age 15) to be a delinquent child and the filing by the State of a Petition for Waiver of Jurisdiction, a hearing was held on the Waiver Petition on the 5th and 6th days of December, 1974.

At the hearing, evidence was submitted showing Murphy's participation in a rape and robbery spree on October 6, 1974, in Indianapolis.[3] He was allowed to confront and cross-examine witnesses and had benefit of counsel. The Juvenile Court referee made these crucial findings:

---

1. INDIANA CODE § 35-13-4-6.
2. U. S. CONST. amend. V.
3. Murphy with two others robbed several retail stores on October 6, 1974. On October 6, 1974, at approximately 8:30 P.M., Murphy and two other youths entered the Hooks Drugstore at the Glendale Shopping Center in Indianapolis, Indiana. One had a sawed off .22 rifle. They forced the cashier to turn over the money from the cash register. She was then forced to disrobe and one of the other youths raped her.

1. That Murphy was fifteen at the time of the charged offenses.

2. The offense would be a crime if committed by an adult.

3. The matter has specific prosecutive merit if waived to a court of adult criminal jurisdiction in the opinion of the Prosecuting Attorney, who requested waiver hearing and consented to waiver and indicates his willingness to prosecute in Criminal Court . . . .

4. The offense charged is heinous.

5. The offense is part of a repetitive pattern of juvenile offenses, and it is in the best interests of the public welfare that Murphy be tried as an adult.

6. That juvenile court has no facilities, if jurisdiction were retained and Murphy adjudged a delinquent, that could be reasonably calculated to effect rehabilitation.

Pursuant to these findings the referee waived jurisdiction to the Marion County Criminal Court with the following order:

The Court Now Orders:

1. That the special jurisdiction of the Marion County Juvenile Court be waived and that said child (Murphy) be held for trial under the regular procedures of the Criminal Court of Marion County on a charge that:

On or about October 6, 1974, at and in the County of Marion, State of Indiana, violates the law of the State in this to-wit: Kevin D'Wayne Murphy did then and there unlawfully, feloniously and forcibly by violence and putting [R.W.] in fear, rob, take and steal from the person and possession of the said [R.W.], money, then and there of the value of $766.64, in lawful money, which money the said [R.W.] then and there lawfully held in her possession and was then and there the property of Hook's Drugs Inc., located at 6105 North Keystone Avenue, in the City of Indianapolis, County of Marion, State of Indiana, then and there being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

Murphy was then charged with Robbery in Criminal Court and after his conviction on June 20, 1975, he was sentenced to ten (10) to twenty-one (21) years.

## ISSUES

Murphy raises a single issue:

> Does the Juvenile Court waiver hearing constitute jeopardy so that a subsequent trial in an adult court violates the Double Jeopardy Clause of the United States Constitution?

Murphy contends that one of the possible alternatives arising out of the waiver hearing is a determination of delinquency. Such an outcome, he says, would violate the rule of *Breed* v. *Jones* (1975), 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346. In *Breed,* it was determined that the California juvenile waiver procedure, which allowed for a finding of delinquency, was jeopardy, and that a subsequent trial in the adult criminal system violated the constitutional ban against double jeopardy.

## DECISION

CONCLUSION—Murphy's rights under the Double Jeopardy Clause were not violated by the Indiana juvenile waiver procedure.

Murphy can shake no fruit from the Double Jeopardy tree.

He was waived to criminal court under the provisions of Indiana Code 31-5-7-14 which, in 1974,[4] read:

> "If a child fifteen (15) years of age or older is charged with an offense which would amount to a crime if committed by an adult, the judge *after full investigation* may waive jurisdiction and order such child held for trial under the regular procedure of the Court which would have jurisdiction of such offense if committed by an adult, or such court may exercise the powers conferred upon the juvenile court

---

4. This provision has been substantially amended by the legislature to bring it into compliance with *Summers, supra,* since it was used to waive Murphy.

in this act in conducting and disposing of such case: . . . . (emphasis supplied)

In obeisance to *Kent* v. *United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, our Supreme Court in *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320, interpreted a "full investigation" to mean that a juvenile must be given a full hearing prior to waiver, and the court must find either:

a. the offense has specific prosecutive merit in the opinion of the prosecuting attorney, or,

b. it is of a heinous or aggravated nature, or,

c. it is part of a repetitive pattern of juvenile offenses, or

d. it is in the best interests of the public security that said juvenile be required to stand trial.

Murphy was given such a hearing, and it did not put him in jeopardy of being adjudicated a delinquent.

As the First District of this court said in *Seay* v. *State* (1976), 167 Ind. App. 22, 340 N.E.2d 369:[5]

. . . Seay faced no such burden (of double jeopardy) inasmuch as waiver from juvenile court was sought and granted prior to any findings in juvenile court on the merits of the delinquency petitions. In terms of *Breed, there was no "adjudicatory" proceeding* prior to waiver which would have presented the issue of double jeopardy once trial was begun in adult court. 340 N.E.2d at 370. (emphasis supplied)

In *Walker* v. *State* (1976), 265 Ind. 8, 349 N.E.2d 161, our Supreme Court was even more explicit:

. . . the investigation required under our statute, is not an adjudication of delinquency as contemplated by *Breed, supra,* but is merely determinative of the forum. There is no finding that certain acts have been or have not been committed in fact. 349 N.E.2d at 166.

So there was no possibility that Murphy could have been adjudged a delinquent at this waiver hearing, so no jeopardy attached. A further hearing is required before a determina-

---

5. *Seay* also dealt with the waiver procedure used in Indiana in 1974.

tion of delinquency is possible. *See* INDIANA CODE 31-5-7-8, 31-5-7-14, and 31-5-7-15.

Because this case is indistinguishable from *Seay* and *Walker,* the conviction must be affirmed.

Affirmed.

Sullivan and Hoffman, JJ. (by designation), concur.

NOTE.—Reported at 364 N.E.2d 770.