Arthur Lewis **HARRIS**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–777A184.

Court of Appeals of Indiana,
Third District.

Jan. 15, 1980.

Rehearing Denied March 28, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Harris, who was seventeen years old, had a delinquency petition filed against him on October 5, 1976. After hearing, the juvenile court waived jurisdiction and determined that he should be tried as an adult for the offense of first degree burglary. Three months later the state added conspiracy to commit a felony as a second charge.

After trial by jury he was convicted of entering to commit a felony and conspiracy.

■ We reverse the conviction for conspiracy on authority of *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320. Conspiracy is not an included offense to the burglary charge. It was not considered by the juvenile court nor waived by it, so the criminal court acquired no jurisdiction to try Harris on that charge.

However, we find Harris' conviction for entering to commit a felony should stand.

He first asserts that the juvenile court acquired no jurisdiction because there was no preliminary inquiry or hearing before the court authorized the filing of a juvenile petition. IC 31-5-7-8 (repealed) authorized that procedure.

We note that the statute applies not only to proceedings concerning delinquent children but to dependent or neglected children as well. Furthermore, the statute appears to be directory since it qualifies the procedure by the phrases "as far as possible" and "whenever practicable." Thus, it may well be that the importance of the preliminary investigation was intended more for those situations not involving the commission of acts which would constitute crimes if committed by adults. On the other hand, we also recognize that two cases have applied this portion of the statute as a jurisdictional requirement. *See Ingram v. State* (1974), 160 Ind.App. 188, 310 N.E.2d 903; *Seay v. State* (1975), Ind.App., 337 N.E.2d 489, *reh. denied* Ind.App. 340 N.E.2d 369.[1]

The record before us does not contain a transcript of this preliminary investigation. The court's order authorizing the filing of a juvenile petition, however, recites that the preliminary determination was made.

■ We need not resolve these potential conflicts, however, since another circumstance is dispositive. Where there is general jurisdiction of a criminal case, a jurisdictional infirmity of the particular case can be waived. *Rogers v. State* (1949), 227 Ind.

---

1. The opinion denying rehearing in *Seay* makes it clear that the preliminary hearing is not adjudicatory.

709, 88 N.E.2d 755. Stated somewhat differently, the procedural steps by which jurisdiction is invoked may be waived. *Green v. State* (1952), 230 Ind. 400, 103 N.E.2d 429, *cert. denied* 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374; *Bledsoe v. State* (1945), 223 Ind. 675, 64 N.E.2d 160.[2]

■ Here no objection was made in the juvenile court, the trial court or the motion to correct errors concerning the preliminary investigation or lack thereof. Moreover, the lack of such preliminary determination does not appear to have transgressed any of Harris' constitutional rights so as to constitute fundamental error.

Therefore, assuming *arguendo* that the court failed to conduct the preliminary investigation prescribed by IC 31–5–7–8 and that the failure would constitute reversible error under *Ingram* had objection been made, we find the error waived for Harris' failure to make timely objection thereto.

The same reasoning disposes of Harris' contention that the court's findings after the waiver hearing were inadequately stated. He failed to preserve error by making any objection thereto prior to filing his appellate brief. However, we offer a further observation about his argument which is premised upon *Atkins v. State* (1972), 259 Ind. 596, 290 N.E.2d 441 and the legislative presumption that juveniles should be treated within the juvenile system.

■ At the time of Harris' offense and prosecution the 1976 amendments to IC 31–5–7–14 had become effective. Under the amended statute, whenever a juvenile was at least sixteen (16) years of age and was charged with conduct which amounted to first degree burglary, or one of several other specified crimes, upon motion of the prosecutor the court was directed to waive juvenile jurisdiction *unless* it found either that there was probable cause to believe the charge did not have specific prosecutive merit *or* that it would be in the best interests of the child and of public welfare and public security for him to remain within the

juvenile system. After the waiver hearing the court found that Harris was seventeen and the offense charged was first degree burglary. These findings invoked the application of IC 31–5–7–14(b). Under those circumstances it was incumbent upon Harris to come forward with evidence to establish that he should be retained in the juvenile system. Absent any such showing, waiver was proper and the court's general findings that the offense had prosecutive merit and that the public interest was best served by trial in adult court were adequate. *Gregory v. State* (1979), Ind., 386 N.E.2d 675.

■ Finally, Harris complains about the introduction of four exhibits into evidence. They consist of items stolen in the burglary. Each was identified by the victim. Three were identified by a police officer as having been found on Harris and the fourth (a medal) as having been found in the police car after Harris was brought in. Chain of custody was sufficiently established for all the items and they were properly identified and introduced at trial.

The conviction for entering to commit a felony is affirmed. The case is remanded to the trial court with instructions to vacate the conviction and sentence for conspiracy.

HOFFMAN, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent. The Majority has erroneously disposed of Harris' jurisdictional claim on the basis that he waived his right to present the question of jurisdiction on appeal. This disposition of his appeal contravenes our Supreme Court's decision in *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320, as well as the Court of Appeals' holding in *Seay v. State* (1975), 167 Ind.App. 22, 337 N.E.2d 489. Those authorities clearly establish that the failure of a trial court to

2. We cite these cases to show that waiver of questions of jurisdiction of the particular case are proper even under the strictures of the criminal law. Juvenile proceedings are considered civil in nature and there the waiver principal is more familiar. *See, e. g., State ex rel. Dean v. Tipton Cir. Ct.* (1962), 242 Ind. 642, 181 N.E.2d 230.

comply with statutory prerequisites for the assumption of jurisdiction is an error not susceptible to waiver on appeal.

In *Summers*, the Court acted *sua sponte* in raising questions regarding the trial court's failure to comply with the statutory procedures necessary to obtain jurisdiction over a juvenile. The Court's deviation from the normal rules of appellate review was triggered by the fact that a *juvenile's* interests were at stake. Speaking *per curiam*, the Court explained:

> "At the outset it should be pointed out that the questions we are deciding here are not specifically raised by the appellant on the appeal, however, *in cases where the interests, rights and privileges of juveniles are involved*, the rule is stated that this Court is permitted to search the record for a determination of issues inherently revealed by the record. *McCord v. Bright* (1909), 44 Ind.App. 275, 87 N.E. 654. . . ." (Emphasis added.).

248 Ind. at 554, 230 N.E.2d at 322. *See also Hicks v. State* (1967), 249 Ind. 24, 230 N.E.2d 757. Based on the Court's declaration in *Summers*, the Court of Appeals acted affirmatively in *Seay v. State, supra,* to raise questions not argued on appeal. For the unanimous Court, Judge Lowdermilk stated:

> "In reviewing the arguments of appellant Seay, and in considering the various parts of the record before us, we find a disturbing absence of material information. Thus, in considering Seay's arguments this court has inspected the entire transcript, and we will address all issues made apparent by such inspection. While several of the problems to be discussed below are not directly raised by Seay's argu-

ments, such does not preclude this court from a consideration thereof. . . ."

167 Ind.App. at 28, 337 N.E.2d at 493. The Majority's refusal to address the jurisdictional argument presented by Harris is wholly inconsistent with *Summers* and *Seay,* where the issues addressed were not even argued on appeal. Consistent with those authorities, I address Harris' argument on its merits.

The nature of the statutory requirements necessary to a proper assumption of jurisdiction over a juvenile was explained in *Seay*:

> " 'We know that courts do not assume jurisdiction, *sua sponte.* In proceedings to determine whether or not delinquent, dependent or neglected children should be made wards of the Juvenile Court, the jurisdiction of the court must be invoked by the verified accusation as provided for by Sections 9–3207 and 9–3208, *supra.* Not until the proper charge is filed may the court cite the party charged and attain jurisdiction over his person or the subject matter of the particular case. We believe the Act itself clearly indicates jurisdiction is dependent upon strict compliance with its provisions. "Statutes which take away, change or diminish fundamental rights, statutory remedies for rights unknown to the common law, and statutes which provide new and extraordinary remedies must be construed strictly both to the cases embraced within their terms and as to the methods to be pursued." ' . . . ." (Citations omitted.).

167 Ind.App. at 28–29, 337 N.E.2d at 493, *quoting Shupe v. Bell* (1957), 127 Ind.App. 292, 141 N.E.2d 351. Strict compliance is thus required for a court to assume jurisdiction over a particular juvenile.[1]

---

1. The Majority has erroneously characterized the jurisdictional matter at issue as one which affected the trial court's jurisdiction over the particular case. As the Court in *Seay* expressly stated, noncompliance with the statutory jurisdictional prerequisites affects the juvenile court's jurisdiction over the person and the subject matter. In this respect, I note that the Majority, in its footnote two (2), has attempted to explain its use of criminal case authority in its rationale by reference to juvenile proceedings as "civil" in nature. While it is true that juvenile proceedings are civil in nature, that characterization does not justify the conclusion that waiver rules are consequently applicable to juveniles. As explained in the text of this dissenting opinion, our Supreme Court—motivated by its concern for the rights and best interests of juveniles—has extended its normal scope of appellate review to address jurisdictional questions not even raised by a juvenile appellant. *See Summers v. State, supra.*

Among the requirements established by the legislature for a valid assumption of jurisdiction by a court is that it conduct a preliminary investigation of the juvenile's home environment, his previous history, and circumstances surrounding the condition alleged. IC 1971, 31–5–7–8, Ind.Ann.Stat. § 9–3208 (Burns Code Ed.)[2]; *Seay v. State, supra; Ingram v. State* (1974), 160 Ind.App. 188, 190, 310 N.E.2d 903, 904. In *Ingram,* the Court reversed a juvenile court order that Ingram be waived into criminal court. The reversal was predicated solely on the juvenile court's failure to conduct the necessary preliminary inquiry; the juvenile court could not waive Ingram into criminal court since it had not obtained original jurisdiction over him. *Id., relying on Summers v. State* (1967), 248 Ind. 551, 557, 230 N.E.2d 320, 323.

We are presented with identical circumstances here. Pursuant to *Ingram,* I would reverse both of Harris'· convictions.

---

**2.** As the Majority has noted, IC 1971, 31–5–7–8 was repealed effective October 1, 1979. The preliminary inquiry requirement has been re- tained by the legislature under the new statutory scheme, however. See IC 31–6–4–7 and 8 (Burns Code Ed.Supp.1979).