Kristain L. COLLINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 85A02–8803–JV–00128.

Court of Appeals of Indiana,
Second District.

June 26, 1989.

Alan J. Zimmerman, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Kristain L. Collins, not having attained the age of eighteen, was adjudicated a delinquent child, for committing a curfew violation, possession of alcohol, and theft. He appeals.

We affirm.

Collins asserts that jurisdiction did not vest in the juvenile court because preliminary inquiry was not completed prior to the prosecutor's "request for authority to file petition alleging delinquency" and because Collins and his parents were not specifically advised that the preliminary inquiry was being made to assist the prosecutor. Record at 1.

The facts pertinent to the first allegation of jurisdictional error are as follows: On August 5, 1987, the prosecutor filed an affidavit of probable cause with respect to the three allegations of misconduct.

Thereafter, but on the same date, he filed a request for authority to file a petition alleging delinquency along with another affidavit of probable cause. The advisement which Collins and his parents signed the following day stated that a preliminary inquiry was being conducted. On August 7, 1989, the court found probable cause and "authorized" the filing of the petition alleging delinquency. Record at 4.

■ To acquire jurisdiction over the child, the juvenile court must follow several procedural steps according to I.C. 31–6–4–7 (Burns Code Ed. Repl.1987). After receiving information concerning a delinquent act, the prosecutor instructs the intake officer to make a preliminary inquiry to determine if the interests of the public or the child require further action. I.C. 31–6–4–7(a). When the intake officer makes this determination, he sends a written copy of his inquiry report to the prosecutor. I.C. 31–6–4–7(e). The inquiry consists of

> "an informal investigation into the facts and circumstances reported to the court. Whenever practicable, it should include information on the child's background, current status, and school performance." I.C. 31–6–4–7(b).

Next, the prosecutor or other person representing the State decides whether to file a petition alleging delinquency. After examining the preliminary inquiry and considering probable cause, the court may approve the filing of the petition. I.C. 31–6–4–9 (Burns Code Ed. Repl. 1987). Then, summons is issued for the child and his par-

ents, guardian, custodian or guardian ad litem pursuant to I.C. 31–6–7–4 (Burns Code Ed. Repl. 1987). Strict compliance with these steps is required—"noncompliance with the procedural prerequisites precludes the assumption of jurisdiction over a juvenile." *Taylor v. State* (1982) Ind., 438 N.E.2d 275, 277, *cert. denied* (1982) 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998.

■ To determine whether the preliminary inquiry requirements were met in this case, we must look to cases discussing the prior but nearly identical statute.[1]

*Ingram v. State* (1974) 1st Dist., 160 Ind.App. 188, 310 N.E.2d 903, held insufficient an inquiry where the juvenile court relied upon an affidavit, signed by a law enforcement officer, which specified the factual basis for and the circumstances surrounding the offense. Evidence concerning a juvenile's prior juvenile record, home situation, and schooling is "precisely what the statute requires." *Seay v. State* (1975) 167 Ind.App. 22, 337 N.E.2d 489, 498, *reh. denied* (1976) 167 Ind.App. 22, 340 N.E.2d 369. More recent cases also under the prior statute distinguish proceedings concerning delinquent children from those concerning dependent or neglected children. *Murphy v. State* (1980) 1st Dist. Ind.App., 408 N.E.2d 1311, 1314, held that the "extent or direction of the investigation would necessarily vary with the circumstances particular to each case." Where affidavits were presented and the court took judicial notice of its own record of prior thefts, no

---

1. Indiana Code 31–5–7–8 *repealed by* Acts 1978, P.L. 136, § 57, stated:

"Any person may and any peace officer shall give to the court information in his possession that there is within the county or residing within the county, a dependent, neglected or delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the probation officer...."

The present provisions concerning delinquent and dependent or neglected children are found in separate statutes. Indiana Code 31–6–4–7 provides only for delinquent children:
"(a) Any person may give an intake officer or prosecutor written information indicating that a child is a delinquent child. If the information is given to the intake officer, he shall immediately forward this information to the prosecutor. If the prosecutor has reason to believe the child has committed a delinquent act, he shall instruct the intake officer to make a preliminary inquiry to determine whether the interests of the public or of the child require further action. (b) A preliminary inquiry is an informal investigation into the facts and circumstances reported to the court. Whenever practicable, it should include information on the child's background, current status, and school performance...."

preliminary inquiry was necessary. The court reasoned:

> "Further social history as might be necessary and desirable in cases of delinquency arising out of sociological problems, cases dealing with runaways, truancy, illegal consumption, promiscuity and the like, would add nothing to the decisional process in a case such as this where the protection of the public from a very dangerous juvenile is the gist of the action."

*Murphy, supra,* 408 N.E.2d at 1314. *Harris v. State* (1980) 3d Dist. Ind.App., 398 N.E.2d 1346, 1347, also distinguished between cases involving serious criminal acts and those involving status offenses:

> "We note that the statute applies not only to proceedings concerning delinquent children but to dependent or neglected children as well. Furthermore, the statute appears to be directory since it qualifies the procedure by the phrases 'as far as possible' and 'whenever practicable.' Thus, it may well be that the importance of the preliminary investigation was intended more for those situations not involving the commission of acts which would constitute crimes if committed by adults."

In the present case, the court had before it two affidavits of probable cause prior to approving the petition alleging delinquency. Thus, the prosecutor had informally investigated the facts and circumstances surrounding the alleged theft prior to filing the petition. Arguably, the distinctions between cases concerning delinquent and dependent or neglected children made in *Murphy, supra,* 408 N.E.2d 1311, and in *Harris, supra,* 398 N.E.2d 1346, no longer exist because the present statute concerns only delinquent children yet provides for a preliminary inquiry.[2] Nevertheless, we agree with the reasoning applied in *Murphy, supra,* and *Harris, supra.* Further social history where the child has committed an adult crime is unnecessary and not required by the statute defining preliminary inquiry. Only "[w]henever practicable" should such information be included. I.C. 31-6-4-7(b).

■ The second error argued with respect to jurisdiction concerns the following advisement:

> "The Probation Department is conducting a preliminary inquiry to assist in determining whether a petition should be filed alleging that said child is a delinquent child." Record at 10.

Collins contends that this advisement is deficient for it fails to state that the inquiry was to assist the prosecutor. Indiana Code 31-6-4-7(d)(2) provides that the intake officer shall advise

> "[t]hat he is conducting a preliminary inquiry to assist the prosecutor in determining whether a petition should be filed alleging that the child is a delinquent child."

Collins' argument is not cause for reversal. When a child commits an act which would be a crime if committed by an adult, I.C. 31-6-4-7(e) provides that the prosecutor files the petition alleging delinquency. However, I.C. 31-6-4-7(e) allows the referral procedure between the intake officer and the prosecutor or attorney for the county department to be altered by agreement of the prosecutor and the court. Furthermore, I.C. 31-6-4-7(f) provides

> "[t]he person [not specifically the prosecutor] who represents the interests of the state and who receives the preliminary inquiry and recommendations shall decide whether to file a petition."

Because the prosecutor is not the only person who may determine whether to file a petition alleging delinquency, the advisement which was given was not an incorrect statement of the law.

■ Collins' final argument is that the evidence of theft was insufficient. Indiana Code 35-43-4-2 (Burns Code Ed. Repl. 1985) defines theft as knowingly and intentionally exerting unauthorized control over property of another person with intent to

---

**2.** The present provisions dealing with delinquent children appear in I.C. 31-6-4-7 (Burns Code Ed. Repl. 1987). The provisions dealing with children in need of services appear in I.C. 31-6-4-8 (Burns Code Ed.Repl. 1987).

deprive the other person of any part of its value or use. When adjudicating the delinquency of a child who has committed an act such as theft which, but for the child's age, would constitute a crime, the act must be proven beyond a reasonable doubt. *Warner v. State* (1970) 254 Ind. 209, 258 N.E.2d 860.

Upon review of the evidence, we will neither reweigh it nor determine the credibility of the witnesses. Rather we consider only the evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the judgment of the trial court, the judgment will be affirmed. *Menefee v. State* (1987) Ind., 514 N.E.2d 1057; *Whicker v. State* (1987) Ind., 511 N.E.2d 1062.

■ Considering the evidence most favorable to the state in the present case, it was reasonable for the court to conclude that the requisite elements for theft were present. A police officer detained Collins nearby a bar in which two patrons had just reported that a male in a green tank top had stolen a bottle of alcohol. Collins was wearing a green tank top when he was detained, and he was in possession of a pint of peppermint schnapps, exactly what the bartender reported was missing. Collins was taken to the bar and identified as the thief although patrons disagreed as to whether they had an opportunity to see his face.

Collins argues that misidentifications were made and that the evidence was thereby insufficient. He cites *Gaddis v. State* (1969) 253 Ind. 73, 251 N.E.2d 658, in which the court found the evidence insufficient. That conviction was based solely upon one witness's identification which was "vacillating, contradictory and uncertain." *Gaddis, supra,* 251 N.E.2d at 661. No circumstantial evidence supported the identification and conviction. For example, no money was recovered upon Gaddis who was apprehended in a pick-up truck, not a utility truck as the prosecuting witness had reported. Furthermore, the prosecuting witness may have felt coerced to testify against Gaddis because of threats of prison. The lack of supportive evidence distinguishes *Gaddis* from the present case.

■ In the present case, there were two prosecuting witnesses both of whom identified Collins although their testimony differed as to their opportunity to observe his face. Besides these witnesses whose testimonies were uncoerced, there was the circumstantial evidence of Collins' wearing a green tank top, riding a bicycle, and having a bottle of peppermint schnapps, the property reported stolen. Such circumstantial evidence alone may support a conviction. *Day v. State* (1986) Ind., 501 N.E.2d 1076; *Sayles v. State* (1987) 1st Dist. Ind.App., 513 N.E.2d 183, *trans. denied.* Furthermore, identification made by a single witness is sufficient to support a conviction. *Titara v. State* (1983) Ind., 447 N.E.2d 587. The discrepancies between the witnesses' testimonies go to the weight of the evidence and to the credibility of the witnesses, matters which we do not consider upon appeal. *Titara, supra.*

The judgment is affirmed.

BUCHANAN and GARRARD, JJ., concur.