SUMMERS *v*. STATE OF INDIANA.

[No. 31,021. Filed October 10, 1967.]

*Max Cohen,* of Gary, for appellant.

*John J. Dillon,* Attorney General, and *Ronald J. Timmons,* Deputy Attorney General, for appellee.

PER CURIAM.—This matter is before this Court on the petition of the appellee, State of Indiana, seeking a rehearing and reconsideration. We believe that the opinion filed by this Court on June 23, 1967, should be clarified and delineated. We are moved to this position by reason of the import and impact of the opinion in juvenile matters.

At the outset it should be pointed out that the questions we are deciding here are not specifically raised by the appellant on the appeal, however, in cases where the interests, rights and privileges of juveniles are involved, the rule is stated that this Court is permitted to search the record for a determination of issues inherently revealed by the record. *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654. Also, the above rule is supported in Wiltrout, *Indiana Practice,* Vol. 3, § 2783, at p. 363 which states:

> "While the court is not required to search the record for errors it is not so restricted that it must close its eyes to what is clearly before it. (citing *John's Cash Furniture Stores* v. *Mitchell* (1955), 126 Ind. App. 231, 125 N. E. 2d 827, 127 N. E. 2d 128, transfer denied 2/20/56; *Franklin* v. *Hunt* (1961), 132 Ind. App. 575, 178 N. E. 2d 464.)" See also *Johnson* v. *State* (1964), 136 Ind. App. 528, 202 N. E. 2d 895 (concurring opinion).

We interpret the rule as being permissive for this Court to do so in a case such as we have before us.

With such a concept of our judicial duty and responsibility in mind, we therefore reconsider and clarify the opinion previously filed. In doing so, we deem it necessary to point out the frailty of the record before us and we are of the opinion that the disposition of this appeal must be under and pursuant to the terms and provisions of the Indiana Juvenile Act and applicable case law precedents.

In order to fully develop our reasoning it is necessary to review the legislative concepts of the powers, duties and responsibilities of Indiana Juvenile Courts encompassed within the four corners of the statutes creating and governing the matters entrusted to them.

The purpose and basic principle of the Juvenile Act are revealed clearly as follows:

> "The purpose of this Act . . . is to secure each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.
>
> The principle is hereby recognized that children under the jurisdiction of the court are subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them." Ind. Ann. Stat. § 9-3201 (1956).

It should be noted that the Lake Juvenile Court had the exclusive original jurisdiction of the subject matter, but more importantly, also of the appellant. The sections of the Juvenile Act denoting such specific original areas of jurisdiction are as follows:

> "The juvenile courts created by this act shall have original exclusive jurisdiction, except when specifically waived by the court, in such cases as provided by law, in all cases of delinquent . . . children as defined by law . . ." Ind. Ann. Stat. § 9-3103 (1956).

The specific jurisdiction of the person and subject matter provided by law is demonstrated by the following section of the Juvenile Act:

"The words 'delinquent child' shall include any boy under the full age of eighteen (18) years . . . who:

(1) Commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment . . ." Ind. Ann. Stat. § 9-3204 (1956 Supp.)

Jurisdiction shall be obtained in the following manner.

"A person subject to the jurisdiction of the juvenile court under this act may be brought before it by either of the following means and no other:

(a) By petition praying that the person be adjudged delinquent . . ." Ind. Ann. Stat. § 9-3207 (1966 Supp.)

The steps necessary to the juvenile court's exclusive original jurisdiction are set forth as follows:

"Any person may and any peace officer shall give to the court information . . . that there is within the county or residing within the county a . . . delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether . . . further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the probation officer . . ." Ind. Ann. Stat. § 9-3208 (1966 Supp.)

It has been held that § 9-3208, *supra,* is implementive of § 9-3207, *supra,* and that it was the intent of the legislature in such cases that if the judge of the juvenile court believed that formal jurisdiction should be acquired, the judge should authorize a petition to be filed.

Thus the exclusive original jurisdiction may only be obtained by the juvenile court as set forth above and unless

such preliminary statutory procedural steps are taken there is no jurisdiction established. *A fortiori,* jurisdiction not obtained by the juvenile court cannot be waived to the criminal court.

This Court has recognized that the duty to follow statutory provisions is most clear as to the courts. It has been said that:

> "To the judicial department, as the most conservative of all the co-ordinate branches of the government, is entrusted the high duty of declaring and enforcing the law as it exists, and upon the officers of that department rests, more strongly than upon the officers of other departments the solemn obligation to unwaveringly abide by the established principles of law." *Robertson* v. *State ex rel. Smith* (1886), 109 Ind. 79, 83, 10 N. E. 582, 584, 643 cited in *Board of Children's Gdns. of Marion County* v. *Gioscio* (1936), 210 Ind. 581, 585, 4 N. E. 2d 199.

*Shupe* v. *Bell, supra,* and 82 C. J .S. Statutes § 395, pp. 945-946 support the above rule in the following way:

> ". . . statutes which take away, change, or diminish fundamental rights, statutory remedies for rights unknown to the common law, and statutes, which provide new and extraordinary remedies must be construed strictly both to the cases embraced within their terms and as to methods to be pursued."

Statutory requirements have been held to be jurisdictional for more than one hundred years in Indiana. *Borders* v. *Williams* (1900), 155 Ind. 36, 38, 57 N. E. 527; *Farlow* v. *Hougham* (1882), 87 Ind. 540; *Albee* v. *May* (1846), 8 Blackf. 310.

*Brown on Jurisdiction,* 2d Edition, p. 19, § 3a enunciates this rule:

> "If the jurisdiction of the court is derived from statutory authority, in a proceeding not in accordance with the ordinary proceedings of the common law . . . in such cases the rule is more strict, and the facts conferring jurisdiction must appear of record."

The statute, Ind. Ann. Stat. § 9-3214 (1966 Supp.), providing waiver of jurisdiction is as follows:

"If a child fifteen (15) years of age or older is charged with an offense which would amount to a crime if committed by an adult, the judge, after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such court may exercise the powers conferred upon the juvenile court in this act (§§ 9-3201—9-3225) in conducting and disposing of such case: Provided, That the judges of the juvenile courts of this state who shall waive the jurisdiction of such child as provided herein may at the time of the waiver fix a recognizance bond for the person to answer the charge in the court which would have jurisdiction of such offense if committed by an adult."

§ 9-3214, *supra,* is identical in import to that considered by Supreme Court of the United States in *Kent* v. *United States,* 383 U. S. 541, 547-48, 86 S. Ct. 1045, 1050, 16 L. Ed. 2d 84 (1966) and in such particulars reads as follows:

"If a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, . . . the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult . . ."

Jurisdiction conferred upon juvenile courts is justified only under the *parens patriae* power of the state. Thus, the statutes must be interpreted to conform to the principles essential to the valid exercise of that power. Where the court's exclusive original jurisdiction extends to children, "the legal obligations due to them" as well as "from them" as the "basic purpose and principle" of its functions, must be adhered to. See *Johnson* v. *State* (concurring opinion), *supra.*

The Supreme Court of the United States in *Kent, supra,* 383 U. S. at 554-55, 86 S. Ct. at 1954, speaking of the *parens patriae* nature of juvenile court acts stated:

". . . The State is *parens patriae* rather than prosecuting attorney and judge. But the admonition to function in a 'parental' relationship is not an invitation to procedural arbitrariness."

Because the State is supposed to proceed in respect to a child as *parens patriae* and not as an adversary, courts have relied on the premise that the proceedings are civil in nature and not criminal. It has been asserted that he can claim only the fundamental due process right to fair treatment. *Pee* v. *United States,* 107 U. S. App. D. C. 47, 274 F. 2d 556 (1959).

In *Kent, supra,* there is a lengthy discussion and criticism of juvenile proceedings in general. Suffice it to say that in a decision on the question of waiver such as presented here, the court held that the determination of whether a waiver and transfer of the juvenile to the criminal processes of the District Court was a "critically important" proceeding. It was therefore declared that the scheme and purposes of juvenile proceedings were to be governed by non-criminal treatment "and the adult criminal treatment (was an) exception which must be governed by the particular factors of individual cases." The court there further stated that courts of appellate jurisdiction should conduct a "meaningful review" of the waiver and transfer proceedings. Review should not be remitted to assumptions. In order to engage in a meaningful review this court must have a statement of the juvenile court's reasons which motivated the waiver including, of course, a statement of the relevant facts. We may not assume that there are adequate reasons, nor should we merely assume that "full investigation has been made."

Accordingly we hold here as was held in *Kent, supra,* "that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor." We, as the reviewing court, hold that the statement while not necessarily including a conventional finding of facts, should be sufficient to demon-

strate unequivocally that the strict statutory requirement of a full investigation and hearing has been met and that a conscientious determination of the question of waiver has been made. We require that the reasons for the order of waiver should be stated with sufficient specificity to permit a meaningful review.

It is readily apparent from an examination of the waiver and transfer order before us that it is merely a printed order signed by the judge. It contains nothing but the words of the statute authorizing transfer. Under the rule in the *Kent* case it clearly is pregnant with the same defects as the order considered there and is only *pro forma*.

Further we hold in accordance with *Kent* that the appellant Summers should have a right to a full hearing in the Lake Juvenile Court. He should have the right to counsel at such hearing; the right to confrontation of the witnesses against him; and the right to present evidence, if any be available to him, of any circumstances that would entitle him to the benefits that might be afforded to him by the provisions of the Juvenile Act. And it is only after such a hearing that a waiver and order of transfer to the Lake Criminal Court may be lawfully made. Such order and transfer should be accompanied with an appropriate statement of reasons as hereinbefore indicated. Of course a record of such proceeding should be made for the criminal court and this court in determing the justification for the transfer and waiver.

Judge Draper speaking for this Court in the case of *Cook* v. *State* (1951), 231 Ind. 695, 701, 97 N. E. 2d 625, 627, 110 N. E. 2d 749 stated that ". . . constitutional rights should not be grudgingly extended . . ." It is our belief that such a succinct rule of guidance should govern this court in the disposition of the matter before us. We should "not hesitate", and in fact should "hasten" to extend the apellant "fair treatment" under "due process" as has been mandated by the federal courts in the determination of rights

of juveniles. It seems imperative that we should face the responsibility for delineating guidelines to be used by the trial courts in the determination of matters under our Juvenile Act. Failure to recognize the development of the "fair treatment" rule under "due process" as it has rapidly developed since 1959 has inevitably led to the rules enunciated in the *Kent* case, *supra*. Any failure to do so now, in our opinion, would indicate an unwillingness and hesitancy to recognize and give credence and due weight to the judicial problems developing in many areas of juvenile jurisdiction. More importantly we would fail in our responsibility to the trial courts.

Therefore, facing our responsibilities to delineate guidelines for the juvenile courts *re* waiver orders, we should clearly and unequivocally state that the reasons for such waiver to a criminal court must be something more than the mere state of mind of the judge. They must be a matter of record after a full hearing. In this regard, we would say that an offense committed by a juvenile may be waived to a criminal court if the offense has specific prosecutive merit in the opinion of the prosecuting attorney; or if it is heinous or of an aggravated character, greater weight being given to offenses against the person than to offenses against property; or, even though less serious, if the offense is part of a repetitive pattern of juvenile offenses which would lead to a determination that said juvenile may be beyond rehabilitation under the regular statutory juvenile procedures; or where it is found to be in the best interest of the public welfare and for the protection of the public security generally that said juvenile be required to stand trial as an adult offender. We do not necessarily limit the determinative factors to those stated above but we suggest them only as guidelines, any one of which might be determinative of the propriety for waiver in a given case. *Kent* v. *United States, supra.*

We further hold that should the prosecuting attorney believe that a juvenile offense in a particular instance has spe-

cific prosecutive merit, he may, by petition and the presentment of information to the juvenile court, seek a hearing on the matter of waiver of jurisdiction of a juvenile pursuant to the provisions of §§ 9-3208 and 9-3214, *supra. Johnson* v. *State, supra,* (concurring opinion). The juvenile court may then determine whether a hearing on such matter is feasible or necessary under the circumstances presented by the information and make an order book entry consistent with such determination. However, if a hearing be ordered then such hearing shall be conducted according to the rules hereinabove delineated. Otherwise, the juvenile court may retain jurisdiction if in its judgment the same is warranted under the law and proceed to exercise the powers, duties and responsibilities conferred upon it by the Juvenile Act.

The foregoing holding and discussion relevant to the procedure by the prosecuting attorney is not to be construed to be the exclusive manner by which a waiver of jurisdiction may be effectuated. We have discussed it as a feasible procedure in view of the responsibilities and duties exercised by the prosecutor's office. The court has the power conferred upon it by § 9-3214, *supra,* to effect a valid waiver and transfer as a result of information furnished by a peace officer or citizen upon a full investigation and after hearing, however, such order shall be made consistent with the rules enunciated herein.

In summation we hold that the entire record of the proceedings in the Lake Juvenile Court demonstrates that the fair treatment required by due process of law was not sufficiently accorded this juvenile. *Pee* v. *United States, supra; Kent* v. *United States, supra; In Re Gault,* 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967).

For the foregoing reasons it is now ordered that this cause be remanded to the Lake Criminal Court with instructions to vacate and expunge any and all records heretofore made

below, and to transfer this matter to the Lake Juvenile Court for further proceedings by that court in accordance with this opinion. It is further ordered that this opinion shall supersede the opinions heretofore filed June 23, 1967, and reported in 248 Ind. 534, 227 N. E. 2d 680.

Rehearing granted.

NOTE.—Reported in 230 N. E. 2d 320.