WILLARD DUTY *v.* STATE OF INDIANA.

[No. 1-1175A204. Filed June 30, 1976.]

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *David P. Freund, Bobby Jay Small,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Duty, brings this appeal from his conviction in the Hendricks Superior Court, for the offense of escape from lawful detention. Duty contests the propriety of the procedure in the Hendricks Circuit Court, sitting as a juvenile court, waiving juvenile jurisdiction over him and ordering him to stand trial as an adult. We reverse for the reason that the juvenile court failed to obtain original jurisdicton over Duty.

Our appellate courts have repeatedly outlined the procedural steps which must be taken by the juvenile court to properly obtain jurisdiction. *Hicks* v. *State* (1967), 249 Ind. 24, 230 N.E.2d 757; *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320; *Seay* v. *State* (1975), 167 Ind. App. 22, 337 N.E.2d 489; *Ingram* v. *State* (1974), 160 Ind. App. 188, 310 N.E.2d 903; *Shupe* v. *Bell* (1957), 127 Ind. App. 292, 141 N.E. 2d 351.

The statutory procedures were specifically enacted to implement the Juvenile Act's purpose of providing care, guidance and control as would best serve the child's welfare. IC 1971, 31-5-7-1 (Burns Code Ed.).

With this purpose in mind, our Supreme Court in *Summers, supra,* restated the statutory steps which must be followed. First, the Juvenile Court must be presented with a petition requesting that the child be declared a delinquent. IC 1971, 31-5-7-7 (Burns Code Ed.). This petition may be submitted by any person, requesting the court to act. Secondly, the court must conduct a preliminary investigation into the home and environmental situation of the child, his previous history and the circumstances of the condition alleged. Thirdly, the court must determine whether it will take jurisdiction. Finally, if jurisdiction is obtained, then the court must authorize the probation officer to file a formal petition of delinquency. IC 1971, 31-5-7-8 (Burns Code Ed.).

Unless jurisdiction is obtained in this manner, no jurisdiction is established. *Summers, supra.*

In the instant case, there was a petition requesting the court to declare Duty a delinquent. The court then sent notice of the hearing on the delinquency petition, but instead of investigating the factors mandated by the statute, the court conducted a waiver hearing and determined that it would take the matter of waiver under advisement. Subsequently, the court received a report of misconduct by Duty at the Indiana Boys School and summarily waived Duty to the Criminal Court.

To reiterate the required procedure, we need only make reference to our recent decision in *Seay, supra,* which graphically portrayed the necessary steps to obtain jurisdiction.

> "In passing on a challenge to juvenile jurisdiction this court considers the following to be essential documents: (1) the petition praying Seay be found delinquent, (3) the record of the prepetition investigation, (3) the order of the Juvenile Court directing the probation officer to file a delinquency petition, (4) the delinquency petition, . . .".

It is evident in the case at bar that all the required procedural steps were not followed. A search of the record reveals only one filed document entitled "Petition to Declare Willard Duty a Delinquent Child". This document was filed by the probation officer on January 13, 1975. The record further reveals that on January 14, 1975 the trial court authorized a formal petition of delinquency to be filed. We can find no document filed subsequent to that date purporting to be the petition.

As this court said in *Seay, supra,* and we quoted above, each of these *documents* is *"essential"* to a proper waiver of juvenile jurisdiction. We can not allow procedural inadequacies, such as the failure of the record to disclose all the essential documents, to subvert the basic goal of the statute involved, that goal being to assure fairness in dealing with juvenile waiver proceedings. Without these procedural steps,

the juvenile court never obtained jurisdiction. Having never obtained jurisdiction, it could not properly waive jurisdiction to the adult court and the decision is null and void.

Judgment reversed and cause remanded for the purpose of setting aside the trial court's order waiving juvenile jurisdiction and further such action not inconsistent with the law.

Judgment reversed and remanded.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 349 N.E.2d 729.