MARK DALE REDDING *v.* STATE OF INDIANA

[No. 3-676A151. Filed December 12, 1977.]

2.    Repealed by Acts 1975, P.L. 47, § 4. For current law *see*, IC 1971, 6-1.1-15-8 (1976 Burns Supp.).

*Michael P. Scopelitis, Patrick Brennan and Associates,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HOFFMAN, J.— This is an appeal from an order waiving juvenile jurisdiction over the appellant Mark Dale Redding for purposes of criminal trial. Redding raises for review whether the St. Joseph Probate Court acquired initial subject-matter jurisdiction and, further, after change of venue whether there was sufficient evidence to support the waiver order entered by the Marshall Circuit Court.

The record reveals that on April 7, 1975, an amended delinquency petition was filed in the St. Joseph Probate Court alleging that appellant took approximately $995.97 from a restaurant in South Bend, Indiana, and that while so engaged he shot one of his victims in the arm. The State orally moved for Redding's waiver to adult court for trial on charges of 1) commission of a felony while armed with a dangerous weapon, and 2) inflicting injury during the commission of a robbery. Its grounds were that the juvenile was seventeen years of age, that he had a prior record of offenses before the court and that with the allegations of injury to a person he was beyond the rehabilitative powers of the Juvenile Court. On the basis of a prior unrelated action, the St. Joseph Probate Court had already ordered its chief probation officer to make a complete investigation which was later shown to include, *inter alia,* a previous juvenile record, a report on family environment and a social history. Thereafter, a running record had been kept concerning each contact Redding had with the Probate Court. When the cause was venued to the Marshall Circuit Court for a hearing to consider waiver of juvenile jurisdiction for the offenses herein, records from the proceedings in St. Joseph

County were filed. At the conclusion of that hearing the Marshall Circuit Court granted waiver to the St. Joseph Superior Court for the prosecution of criminal charges.

On appeal Redding first contends that the St. Joseph Probate Court never properly acquired jurisdiction because of its alleged failure to follow the requisite procedure delineated in *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320; *Duty v. State* (1976), 169 Ind. App. 621, 349 N.E.2d 729; and *Seay v. State* (1975), 167 Ind. App. 22, 337 N.E.2d 489. Specifically appellant argues that there is no evidence in the record that an initial petition was filed and that there is no record of a pre-petition investigation into his home and environmental situation as a juvenile.

However, upon petition by the State this court by writ of certiorari obtained additions to the record herein which disclose a prior complaint before the St. Joseph Probate Court concerning Redding's activities, evidence of a pre-petition investigation and history concerning appellant's family background, a court authorization for a formal petition and a subsequent petition for delinquency. Together these demonstrate compliance with the requirements of IC 1971, 31-5-7-7[1] (Burns Code Ed.), and IC 1971, 31-5-7-8[2] (Burns Code Ed.).

---

1. IC 1971, 31-5-7-7 (Burns Code Ed.), provides, in part:

"Jurisdiction — How obtained. — When jurisdiction shall have been obtained by the 'court' in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one [21] years of age unless discharged prior thereto or is committed to a correctional or other state institution. A person subject to the jurisdiction of the juvenile court under this act [31-5-7-1 — 31-5-7-25] may be brought before it by either of the following means and no other:

(a) By petition praying that the person be adjudged delinquent or dependent or neglected;

(b) Certification and transfer from any other court * * * ."

. 2. IC 1971, 31-5-7-8 (Burns Code Ed.), provides:

"Information — Investigation — Petition. — Any person may and any peace officer shall give to the court information in his possession that there is within the county or residing within the county, a dependent, neglected or delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary

Appellant's attempt to denigrate the additional record obtained, on grounds that it was never a part of the original proceedings before the St. Joseph Probate Court, is futile. Mere exclusion in the preliminary record of events which actually occurred including evidence of the original filing of the delinqency petition and the original preliminary investigation are not barriers to appropriate correction by a *nunc pro tunc* entry. Rather, as entered here, a *nunc pro tunc* entry is only an entry made now of something which was previously done to have effect as of the former date. Its office is to supply an omission in the record of an action actually had where entry thereof was omitted through inadvertence or mistake. *Taylor v. State* (1976), 171 Ind. App. 476, 358 N.E.2d 167. *See, Perkins et al. v. Hayward et al.* (1892), 132 Ind. 95, 31 N.E. 670. *See also*, 28A Words and Phrases, 104 (1977 Cum. Supp.).

In the case at bar the corrected record discloses that the appellant was afforded his rights under the statute. Juvenile jurisdiction clearly vested in the St. Joseph Probate Court.

Appellant's second contention involves a challenge to the sufficiency of the waiver order entered by the Marshall Circuit Court. He argues that the order was invalid because it was not supported by sufficient evidence and was not set out with the required specificity.

However, the trial court found that the juvenile was seventeen years of age at the time of the delinquent act, that there was probable cause to believe he committed the offenses alleged and that

---

investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the probation officer: Provided, That the department of public welfare of any county may file a petition with the court concerning a dependent or neglected child and request that such dependent or neglected child be made a ward of the court or a ward of the county welfare department pursuant to the laws now in effect. The proceeding shall be entitled 'In the matter of _____, a child under eighteen [18] years of age.' Such petition shall be verified and shall contain a statement of the facts constituting such dependency, neglect or delinquency as defined in this act [31-5-7-1 — 31-5-7-25] and the name, age and residence of the child, so far as known to the person filing such petition; the names and residence of his parents, guardian or custodian, if known to the petitioner, and if not known, the petitioner should so state, of such dependent, neglected or delinquent child."

such would be a crime if committed by an adult. Further the trial court found that the offenses were of a grievous nature against a person and of prosecutive merit. The trial court concluded by waiving jurisdiction "to protect public security" because the juvenile was "beyond the rehabilitative powers of the juvenile court."

Furthermore, the evidence disclosed by the waiver hearing amply demonstrated that the act with which Redding was charged was of a serious and aggravated nature. The record reveals allegations that appellant and another entered the Silver Tower Restaurant with drawn pistols on March 20, 1975. They shot several rounds into the air and then proceeded to take money from the proprietor and several of the patrons. Apparently while trying to accost an older woman a scuffle developed in which Redding shot her in the shoulder. Subsequently police began to arrive and the two assailants fled through the kitchen out the rear of the building. One of the officers observed Redding make his exit and ordered him to stop. However appellant shot at him and was only later apprehended after a search of the neighborhood. Such behavior of assault with a deadly weapon in order to perpetrate a felony is readily differentiated from the forms of juvenile delinquency generally susceptible to rehabilitation within the juvenile justice system. Furthermore, additional evidence of prior incidents disclosed that Redding was first involved with the juvenile court for a burglary when he was nine years of age. Subsequent referrals were for assault in May, 1972, and interferring with a police officer in November, 1972, for which he was found delinquent and put on probation. Finally, in March, 1974, Redding was apprehended at Montgomery Ward's for shoplifting.

Upon the evidence produced there was ample basis on which the trial court could conclude that the range of dispositions available within the juvenile system were not adequate in the particular case to serve "the child's welfare and the best interests of the state." *See, Atkins et al. v. State* (1972), 259 Ind. 596, 290 N.E.2d 441. In the case at bar, the seriousness of Redding's actions were considered by the trial court and explicitly

denominated as the basis for its decision. *See, Gast v. State* (1977), 173 Ind. App. 1, 361 N.E.2d 934. Thus the reason for the waiver as stated by the juvenile judge and the record in support thereof were sufficient to support the trial court's waiver judgment. *Summers v. State, supra; Clemons v. State* (1974), 162 Ind. App. 50, 317 N.E.2d 859 (transfer denied).

Judgment affirmed.

Garrard, J. concurs.

Robertson, C.J., participating by designation, concurs.

NOTE—Reported at 370 N.E.2d 397.