**Donald M. MALLARD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–1077A263.

Court of Appeals of Indiana, Third District.

May 30, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After jurisdiction over Donald M. Mallard was waived by the juvenile court, he was tried by jury and convicted of first-degree burglary. He was sentenced to a prison term of ten to twenty years. Mallard brings this appeal from the denial of his petition for post-conviction relief, in which he argued that the criminal court lacked jurisdiction to hear his case.

We find no error and we affirm.

Two persons, an adult and Mallard who was sixteen, were apprehended inside a private home on September 6, 1973. Some money had been taken. At the time, Mallard was on parole from commitment to the Indiana Boys' School.

On September 7, 1973, the juvenile court referee authorized the probation officer to file a delinquency petition; the petition was filed immediately after the authorization. On September 28, 1973, a hearing was held and jurisdiction over Mallard was waived from the juvenile court to the criminal court.

On appeal, Mallard raises two issues for our review:

  I.  Whether the juvenile court ever acquired jurisdiction of Mallard; and

 II.  Whether the waiver order was sufficient to vest jurisdiction in the criminal court.

### I.

#### Jurisdiction of Juvenile Court

Indiana law prescribes the procedure by which the juvenile court obtains jurisdiction over a child. Absent transfer from another court, jurisdiction is obtained by the juvenile court only upon the filing of a petition praying that the child be adjudged delinquent. IC 1971, 31–5–7–7, Ind.Ann.Stat. § 9–3207 (Burns Code Ed.). When determining whether to assume jurisdiction over a child, the juvenile court must follow the steps set out in IC 1971, 31–5–7–8, Ind.Ann. Stat. § 9–3208 (Burns Code Ed.).[1]

These jurisdictional steps have been delineated as follows:

"First, the Juvenile Court must be presented with a petition requesting that

---

1.  The statute provides as follows:

"Any person may and any peace officer shall give to the court information in his possession that there is within the county or residing within the county, a dependent, neglected or delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the probation officer: Provided, That the department of public welfare of any county may file a petition with the court concerning a dependent or neglected child and request that such dependent or neglected child be made a ward of the court or a ward of the county welfare department pursuant to the laws now in effect. The proceeding shall be entitled 'In the matter of _____, a child under eighteen [18] years of age.' Such petition shall be verified and shall contain a statement of the facts constituting such dependency, neglect or delinquency as defined in this act [31–5–7–1— 31–5–7–25] and the name, age and residence of the child, so far as known to the person filing such petition; the names and residence of his parents, guardian or custodian, if known to the petitioner, and if not known, the petitioner should so state, of such dependent, neglected or delinquent child."

the child be declared a delinquent. [statutes omitted] This petition may be submitted by any person, requesting the court to act. Secondly, the court must conduct a preliminary investigation into the home and environmental situation of the child, his previous history and the circumstances of the condition alleged. Thirdly, the court must determine whether it will take jurisdiction. Finally, if jurisdiction is obtained, then the court must authorize the probation officer to file a formal petition of delinquency. [statutes omitted] Unless jurisdiction is obtained in this manner, no jurisdiction is established."

*Duty v. State* (1976), Ind.App., 349 N.E.2d 729, 730. *See also Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320.

■ When reviewing the record for proof that jurisdiction has been established, this Court considers certain documents to be *essential,* including: (1) the petition praying that the child be found delinquent; (2) the record of the pre-petition investigation; (3) the order of the juvenile court directing the probation officer to file a delinquency petition; and (4) the delinquency petition. *Seay v. State* (1975), Ind.App., 337 N.E.2d 489, 498, *reh. denied,* Ind.App., 340 N.E.2d 369.

■ In Mallard's juvenile proceedings, the record did not contain either the initial petition or a record of the pre-petition investigation. After issuance of a writ of certiorari, this Court obtained a supplemental transcript containing a complaint before the St. Joseph Probate Court concerning the present offense, as well as evidence of a prior investigation of Mallard's background and social history, which detailed his involvement in numerous other offenses. This Court has held that a record of such documents demonstrates compliance with the statutory requirements for obtaining jurisdiction over a child. *Redding v. State* (1977), Ind.App., 370 N.E.2d 397.

## II.

### Waiver of Jurisdiction

Mallard also contends that the waiver order of the juvenile court was defective.

Therefore, he argues, the criminal court never obtained jurisdiction over him.

The waiver order in question contains the following language:

"And now hearing is had on motion for waiver of jurisdiction to an adult court.

"And now the Court finds that said Juvenile will be 18 years of age on his next birthday.

"And now the Court further finds that said Juvenile does have an extensive juvenile record with this court which include[s] commitment to the Indiana Boys School.

"And now the Court further finds said Juvenile is presently on parole from said commitment to the Indiana Boys School.

"And now the court further finds because of said extensive record, the Court is now unable to further help or cope with said Juvenile and he is therefore found to be beyond the rehabilitative powers of this Court.

"And now the motion for waiver of jurisdiction is granted. . . ."

Mallard contends that the waiver order failed to specify his age clearly; that it failed to allege that, in the opinion of the prosecuting attorney, the case had prosecutive merit; and that it did not state that his conduct would be a crime if committed by an adult. Finally, he argues that the order contained no reasons or factual basis for waiver.

■ First, we note that the finding that Mallard would be eighteen years of age on his next birthday was sufficient to satisfy the age requirement of the waiver statute in effect at the time of Mallard's hearing. IC 1971, 31–5–7–14, Ind.Ann.Stat. § 9–3214 (Burns Code Ed.), subsequently amended.

Our courts have provided guidelines for the juvenile court to follow in making a waiver determination:

"[A]n offense committed by a juvenile may be waived to a criminal court if the offense has specific prosecutive merit in the opinion of the prosecuting attorney;

or if it is heinous or of an aggravated character, greater weight being given to offenses against the person than to offenses against property; or, even though less serious, if the offense is part of a repetitive pattern of juvenile offenses which would lead to a determination that said juvenile may be beyond rehabilitation under the regular statutory juvenile procedures; or where it is found to be in the best interest of the public welfare and for the protection of the public security generally that said juvenile be required to stand trial as an adult offender. We do not necessarily limit the determinative factors to those stated above but we suggest them only as guidelines, any one of which might be determinative of the propriety for waiver in a given case." [Citations omitted.]

*Summers v. State, supra,* 248 Ind. 551, 230 N.E.2d 320, 325–26. These are not the only reasons which justify waiver, nor must a juvenile court find that all of the factors exist in order to grant waiver. *Cartwright v. State* (1976), Ind.App., 344 N.E.2d 83.

▪ To facilitate our review of the waiver determination, the waiver order must be adequately supported by reason and fact, which appear either on the face of the waiver order or in the record of the waiver hearing. *Seay v. State, supra,* 337 N.E.2d 489.

▪ In the case before us, the waiver order contained findings that Mallard had an extensive juvenile record, which included commitment, and that he was at the time on parole. The supplemental transcript contains a social history which was considered by the juvenile court. Mallard's past record included numerous offenses; many of these offenses would have been felonies if committed by an adult.

At the hearing, two police officers and the victim testified to the details of the burglary, the offense for which the State sought waiver. The officers testified that they apprehended Mallard in the home of the victim. Mallard was in possession of some coins, which the home owner identified as his. The facts, if proved, would have established burglary, a crime if committed by an adult, and certainly one of prosecutive merit. The fact that the burglary was simply the most recent in a series of offenses committed by Mallard supplied reason enough for the juvenile court to waive its jurisdiction over him to criminal court.

Finally, Mallard claims that the waiver order did not contain facts to support the conclusion that he was beyond the rehabilitative powers of the juvenile court.

The record of the hearing supports the court's finding that Mallard was beyond the rehabilitative powers of the court. The chief juvenile probation officer testified that Mallard had been referred to his department on thirty-one occasions. Mallard received probation at one point and, after a violation, was committed to Indiana Boys' School. He was on parole at the time of the burglary. The probation officer stated that his department had "nothing further to offer" Mallard. In light of the seriousness of the offense charged, a home burglary, the juvenile court was justified in presuming that further action by the juvenile system would be futile in rehabilitating Mallard. *See Redding v. State, supra,* 370 N.E.2d 397; *Clemons v. State* (1974), 162 Ind.App. 50, 317 N.E.2d 859, *cert. denied,* 423 U.S. 859, 96 S.Ct. 113, 46 L.Ed.2d 86.

We find that the evidence was sufficient to support the juvenile court's waiver order.

We affirm the trial court's denial of Mallard's petition for post-conviction relief.

GARRARD, P. J., and HOFFMAN, J., concur.