James M. MOORE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1-580A130.

Court of Appeals of Indiana,
First District.

Sept. 17, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

This is an appeal from the denial of post—conviction relief by the trial court. The petitioner, James M. Moore (Moore), alleges two general grounds of error: (1) denial of due process at the waiver hearing, and (2) double jeopardy.

We affirm.

A formal petition in behalf of delinquent juvenile was filed December 2, 1974, alleging that Moore committed theft—an act constituting delinquency. An attorney was appointed for Moore and on December 20, 1974, a hearing was held on the petition. At this hearing, the trial court took Moore's guilty plea, and the parties discussed what would be the appropriate disposition of Moore. Waiver to adult criminal court was discussed. The trial court did not enter judgment at the hearing and allowed one week for Moore's counsel to investigate commitment to a state hospital, or Moore would be waived.

On January 6, 1975, the trial court entered findings that Moore be waived to adult criminal court. Moore again pleaded guilty in criminal court on February 24, 1975, and was sentenced to not less than one year nor more than five years on March 17, 1975. Shock probation was granted on June 27, 1975.

Post—conviction relief was requested on July 31, 1979. It was denied on November 26, 1979.

Moore first complains that he was denied due process in that there was not a separate waiver and delinquency hearing and that no specific notice was given that waiver would be considered at the hearing that did occur.

The statute in effect at the time provided for an "informal hearing" and waiver of jurisdiction "after full investigation." It is true that the United States Supreme Court in *Kent v. United States*, (1966) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, followed by the Indiana Supreme Court in *Summers v. State*, (1967) 248 Ind. 551, 230 N.E.2d 320, added certain due process requirements to

the hearing. These consisted primarily of a statement of reasons for the waiver, in order for an appellate court to meaningfully review the juvenile court's decision. Further, *Kent* and *Summers* reaffirmed the juvenile's right to a full hearing, with the right to present evidence if the juvenile desires.

However, there was no requirement in the statute or in case law at the time that there be separate waiver and adjudicatory hearings. Moore makes no specific claim of prejudice in the bifurcated hearing. Further, a petition for waiver by the prosecutor was not a prerequisite for the court to waive jurisdiction.

Moore's main argument regarding due process is that he had no notice that waiver would be discussed at the hearing. We note that counsel for Moore was not surprised by the discussion of waiver that did occur. No continuance was asked for at any stage, and indeed, the trial court, on its own motion, withheld waiver to give counsel for Moore time to file an application with the State Hospital, an alternative discussed for Moore. The application apparently was not filed. We, thus, find no due process violation here.

As to the second issue—double jeopardy—on May 27, 1975, the United States Supreme Court in *Breed v. Jones*, (1975) 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, held that an adjudicatory hearing, the object of which was to determine whether the juvenile committed an act which constitutes a criminal act, and a later waiver to adult criminal court and prosecution in that court, was a violation of the double jeopardy clause. Clearly, under *Breed*, Moore was placed in double jeopardy when the trial court elicited the guilty plea of the criminal act at the delinquency hearing.

Our first consideration is whether *Breed* should be applied retroactively. In *Bey v. State*, (1979) Ind.App., 385 N.E.2d 1153, the dissenting judge opined that *Breed* should be retroactively applied. We disagree.

■ In *Stovall v. Denno*, (1967) 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, it was stated that in most cases the question of retroactivity or prospectivity of new constitutional rules affecting criminal trials is based on a three part criteria of: (1) the purpose to be served by the new standards, (2) the extent of reliance by law enforcement authorities on the old standards, and (3) the effect on the administration of justice of a retroactive application of the new standards.

The dissent in *Bey* relied on *Robinson v. Neil*, (1973) 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29, a double jeopardy case which placed the double jeopardy guarantee outside of the above analysis. *Jackson v. Justices of Superior Court of Mass.*, (1st Cir. 1977) 549 F.2d 215, *cert. denied*, 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 370, effectively distinguishes *Robinson* :

> It is true that the Court in *Robinson* stated that the usual retroactivity analysis was not appropriate in deciding that retroactive effect was to be given to the decision in *Waller v. Florida*, (1970) 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, barring the trial on state charges of persons already tried and convicted on municipal charges for the same acts, 409 U.S. at 507, 93 S.Ct. 876, but it is equally true that the *Robinson* Court eschewed "an ironclad . . . classification of cases" for retroactivity analysis, *id.* at 509, 93 S.Ct. at 878. We see nothing in *Robinson* to indicate disapproval of the Court's earlier statement that "the retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based." *Johnson v. New Jersey*, (1966) 384 U.S. 719, 728, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882. In the case at bar we face a more complex, and at the same time a less severe, situation than that in *Robinson*, where the issue was whether persons already tried, convicted, and punished could be again put to trial and punished for the same conduct.

*Breed* does not preclude separate juvenile and adult proceedings; rather, it closely limits the issues which may be considered in the first proceedings. We consider the question whether the Commonwealth's failure to anticipate those limits should produce a windfall to the petitioners, such that even if guilty they will not even be punished once, to be a matter not susceptible to a quick answer based on the constitutional label involved.

We, thus, turn to those cases that have applied the three criteria test of *Stovall.*

We are impressed by the analysis of the high court of Massachusetts and the First Circuit of the three factor criteria. *Stokes v. Commonwealth*, (1975) 368 Mass. 754, 336 N.E.2d 735; *Jackson v. Justices of Superior Court of Mass., supra.* The analysis is well summarized in *Smith v. State*, (1978) Ala. Cr.App., 368 So.2d 298, which also held *Breed* non retroactive. We quote from the *Smith* discussion of *Jackson*, 368 So.2d at 303:

> (1) That the "ends of public justice" would be unwarrantedly frustrated by barring the juvenile's superior court trial, now that it is too late to prosecute him in a single trial, solely to avoid the pressures and burdens of a second trial where the state did not gain any unfair advantage from the juvenile proceedings; (2) that the fact that the decision in *Breed* may have been to some extent foreshadowed does not require its retrospective application and (3) that it would be impossible to overestimate the seriousness of affording retroactivity to the *Breed* rule with regard to its effect on the administration of justice.

We express no comment on the need to show, under the *Jackson* and *Smith* viewpoint, that the State gained an unfair advantage from Moore by disclosures in his first hearing. *See State v. Knowles*, (1977) Me., 371 A.2d 624. We do note, however, that Moore pleaded guilty in both hearings. Moore makes no claim concerning the second guilty plea being forced by the first

hearing and we note that the second plea was pursuant to a plea bargain agreement.

Based on this authority, we hold that *Breed* is not to be applied retroactively and therefore, Moore cannot rely on it as authority that the procedure utilized in this case was a violation of double jeopardy. We, therefore, find no error below on this point.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.