**In the Matter of Aaron TACY.**

No. 3–1280A369.

Court of Appeals of Indiana,
Third District.

Nov. 10, 1981.
Rehearing Denied Jan. 18, 1982.

Harriette Bailey Conn, Public Defender, Frances L. Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

This appeal arises from a juvenile court waiver order in which jurisdiction over Aaron Tacy, a juvenile 14 years of age, was waived by the Elkhart Circuit Court, Juvenile Division, to the Elkhart Superior Court. Tacy is charged with attempted murder, resisting arrest while drawing and using a deadly weapon, burglary, criminal mischief, and theft.

These charges arose from an incident which occurred on April 9, 1980 in Elkhart County. Officer Webb and his partner were on patrol when they received and answered a radio dispatch that a suspicious vehicle was at a local grocery store. Pulling into the lot, Webb saw a pickup truck near an entrance to the building. He went to the passenger's side and began talking with the occupant, Tacy. Webb had Tacy leave the truck and when questioned, Tacy gave a false name, address, and telephone number. He said the truck belonged to a friend who was inside the store. A check revealed the truck had been stolen and Webb arrested Tacy. The two officers were joined by a third officer as they were placing Tacy under arrest. Tacy shouted obscenities and began to struggle. The officers placed Tacy on the ground and in the scuffle he drew a .38 caliber weapon and fired two shots, one of which struck Officer Webb in the shoulder. Webb suffered light powder burns. Tacy ran and was shot twice in the arm by another officer. Tacy entered the store and then surrendered to the police. A second suspect was also arrested in the store.

Tacy was taken by ambulance to the Elkhart General Hospital and hospitalized for treatment of the gunshot wounds. He was subsequently placed under guard for a period of time and later transported to the Elkhart County Jail.

Tacy had not been in school for months and testified he had been with his cousin for four or five days prior to the shooting.

They had run away, broken into a house, consumed alcohol from that house and marijuana they had obtained from friends. They had eaten in that house, stolen weapons and other items, and were in a stolen automobile.

The State argues that based upon *State ex rel. Snellgrove v. Porter Circuit* (1979), Ind., 386 N.E.2d 680 this appeal is improper. We are aware that in *Snellgrove*, which involved a petition for a writ of mandate to permit a direct appeal, the Indiana Supreme Court said an appeal from a waiver order, valid upon its face, must abate pending a final determination of the criminal prosecution authorized by the waiver.

However, in the present case, unlike in *Snellgrove*, Tacy brought this appeal pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5). An appeal pursuant to AR. 4(B)(5) is an appeal by grace. It makes a non-appealable interlocutory order appealable only by act of grace of the trial court and by act of grace of the Court of Appeals. With AR. 4(B)(5) the Court of Appeals has specifically been entrusted with power to grant appeals by favor which are not available by right. *Costanzi v. Ryan* (1977), Ind.App., 368 N.E.2d 12. Therefore, the acceptance of this immediate appeal is within our discretion and the issues will be decided on their merits at this time.

The first issue raised by Tacy is whether the juvenile court lost jurisdiction over him by failing to comply with the time limits prescribed by IC 1971, 31–6–7–6(b) (Burns 1980 Repl.). IC 1971, 31–6–7–6(b) states:

"If the child is in detention and a petition has been filed, either a fact-finding hearing or a waiver hearing must be commenced within twenty (20) days (excluding Saturdays, Sundays, and legal holidays) after the petition is filed. If the child is not in detention, the hearing must be commenced within sixty (60) days (excluding Saturdays, Sundays, and legal holidays) after the petition is filed."

Tacy specifically argues that the petition alleging delinquency was filed April 18, 1980 and the waiver hearing was not com-

menced until twenty-eight working days later on May 28, 1980.

This is a case of first impression in this state and thus calls for statutory construction. This necessity arises in light of IC 1971, 31–6–4–9 which provides:

"(a) The prosecutor may request the juvenile court to authorize the filing of a petition alleging that a child is a delinquent child; the attorney for the county department may request the juvenile court to authorize the filing of a petition alleging that a child is a delinquent child defined by section 1(b)(2) of this chapter. The person requesting the authorization shall represent the interests of the state at this proceeding and at all subsequent proceedings on the petition.

"(b) The juvenile court shall consider the preliminary inquiry and the evidence of probable cause. The court shall authorize the filing of a petition if it finds probable cause to believe that the child is a delinquent child and that it is in the best interests of the child or the public that the petition be filed."

In the case at hand, the juvenile court authorized the filing of the petition alleging delinquency on April 29, 1980 and the waiver hearing was commenced twenty working days later on May 28, 1980. Therefore, it is necessary to determine when the petition alleging delinquency is "filed" for purposes of tolling the twenty-day limitation in IC 1971, 31–6–7–6(b).

■ When called on to interpret statutory words or phrases, this Court does not look solely to the isolated word or phrase, but to the act as a whole. *Matter of Estate of Souder* (1981), Ind.App., 421 N.E.2d 12. If there is room for more than one interpretation of a statute, the court should construe the statute in such a way as to give effect to the general intent of the Legislature. *Ind. Dept. of State Revenue v. Endress & Hauser* (1980), Ind.App., 404 N.E.2d 1173. And where there are two statutes on the same general subject, they should be construed together so as to harmonize and give effect to each, if possible, because they

are in pari materia. *Schrenker v. Clifford* (1979), Ind., 387 N.E.2d 59.

■ Since the authorization by the judge of the filing of the petition alleging delinquency is an essential step in the juvenile process,[1] when reading IC 1971, 31–6–7–6(b) together with IC 1971, 31–6–4–9, it only seems logical that the "filing" of the petition alleging delinquency does not actually occur until it is authorized by the juvenile court. Thus, that is the date which tolls the twenty-day limitation period for the purposes of IC 1971, 31–6–7–6(b). The juvenile court in this instance acted within that time period and jurisdiction was not lost.

■ The next issue raised by Tacy was whether the juvenile court erred in failing to release him from detention. IC 1971, 31–6–4–5(f) states:

"If the child is not released, a detention hearing must be held within forty-eight (48) hours (excluding Saturdays, Sundays, and legal holidays) after he is taken into custody; otherwise he shall be released."

Tacy was arrested on April 9, 1980, taken from the hospital to the jail on May 13, 1980 and appeared in court for the first time on May 28, 1980. Clearly, no detention hearing was held within forty-eight hours after Tacy was taken into custody.

However, any error which occurred must be deemed harmless. The statute simply says the juvenile shall be *released*. This does not mean the court loses jurisdiction or the juvenile is discharged from the charges against him.

Tacy's detention was regrettable; however, he was not without recourse. His proper remedy under the circumstances would have been to seek a writ of habeas corpus.

Finally, Tacy raises as error the sufficiency of the waiver order. Tacy argues he was not given the benefit of the presumption against waiver, the waiver order failed to state specific reasons for the court's findings, and the court did not have sufficient evidence to support its findings.

---

1. *Duty v. State* (1976), 169 Ind.App. 621, 349 N.E.2d 729.

This Court has previously held that to facilitate our review of a waiver determination, the waiver order must be adequately supported by reason and fact, which appear either on the face of the waiver order *or* in the record of the waiver hearing. *Seay v. State* (1975), 167 Ind.App. 22, 337 N.E.2d 489, *reh. denied*, 167 Ind.App. 22, 340 N.E.2d 369; *Mallard v. State* (1979), Ind. App., 390 N.E.2d 218.

For waiver of jurisdiction, the juvenile court must find that the case against the juvenile has prosecutive merit; that the child is beyond rehabilitation in the juvenile system; that the public welfare would best be served by waiving jurisdiction; and that the act is heinous or of aggravated character or is part of a repetitive pattern of acts. *Snodgrass v. State* (1980), Ind., 406 N.E.2d 641.

In light of the general civil nature of juvenile proceedings and the fact that a waiver hearing is not an adjudicatory proceeding, the burden upon the State is to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. The criminal standard of proof beyond a reasonable doubt is not applicable. *Imel v. State* (1976), 168 Ind.App. 384, 342 N.E.2d 897.

A review of the record reveals evidence which is sufficient to support the waiver. Tacy's attorney stipulated that there was probable cause to believe Tacy participated in a burglary, participated in criminal mischief, was in a stolen truck, resisted law enforcement officers while using a deadly weapon, and was carrying a handgun without a license. Tacy had been caught before in a vehicle he was unauthorized to use. He had been arrested previously for violating curfew, driving without a license, and shoplifting. A hospital employee testified that after the incident, Tacy stated that he had learned never to shoot a policeman in the chest, but to shoot him in the head. An employee of the sheriff's department testified Tacy inquired of him what caliber weapon it would take to penetrate a bulletproof vest like Officer Webb had been wearing. Witnesses from the Indiana Department of Corrections indicated little hope of rehabilitating Tacy within the juvenile system and its facilities.

In reviewing a sufficiency claim, this Court neither weighs the evidence nor judges the credibility of witnesses, but looks to that evidence most favorable to the State and the reasonable inferences to be drawn therefrom. *Weaver v. State* (1980), Ind. App., 404 N.E.2d 1180. Applying this standard to the evidence presented, one must conclude the evidence was sufficient to overcome any presumption against waiver and to support the waiver order.

Having found no reversible error, the waiver by the juvenile court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.