**Aurelius James ALLEN, III, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 45A03–9007–PC–285.**

Court of Appeals of Indiana, Third District.

July 10, 1991.

Susan K. Carpenter, Public Defender, Amy E. Karozos, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Petitioner-appellant Aurelius James Allen, III, appeals the denial of his petition for post-conviction relief.

Petitioner was charged with robbery on December 6, 1975. He was seventeen years old. On February 4, 1976, he was waived to adult criminal court. Petitioner pled guilty and was sentenced according to the Minor Sentencing Act to an indeterminate sentence of one to ten years.

Petitioner filed a pro se post-conviction relief petition on July 15, 1986. He later filed an amended petition on November 26, 1986. A hearing was held on November 29, 1988 and his petition was denied on March 26, 1990.

One issue is dispositive of this appeal: whether petitioner was denied a waiver hearing, to which he is constitutionally entitled, before he was transferred to adult criminal court.

Petitioner alleged in his amended post-conviction relief petition that he was denied effective assistance of guilty plea counsel. He claimed that counsel failed to object to the waiver to adult criminal court from juvenile court. The State answered the petition asserting the defense of laches. At the post-conviction relief hearing, petitioner rested on the allegations set forth in his petition. The prosecutor in turn withdrew the laches defense, rested, and declined to make any final argument. At that point, the trial court had to request the prosecutor to support his position.

■ Petitioner is claiming that he was denied a waiver hearing before being transferred to adult criminal court. Certainly if this is the case, his guilty plea counsel should have objected to the transfer of jurisdiction to the adult criminal court. The Supreme Court in *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320, relying on *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, held that a juvenile must be provided with a full hearing in the juvenile court before jurisdiction may be transferred to adult criminal court. The juvenile also has the right to counsel at the hearing; the right to confront the witnesses against him; and the right to present evidence, if any be available to him, of any circumstances that would entitle him to the benefits that might

be afforded to him by the provisions of the Juvenile Act. *Id.* 230 N.E.2d at 325.

■ To determine if petitioner was denied effective assistance of counsel in this case, it is incumbent upon this Court to discover whether the petitioner had a waiver hearing. However, no such record exists. The State in its appellate brief relies on a one sentence notation in the record, "Nick Krochta Clerk of Juvenile Court files Report of Preliminary Hearing Waving (sic) Jurisdiction," to substantiate its claim that the petitioner was provided a hearing. Clearly this is not sufficient to prove that petitioner was given a hearing.

■ Since there is no evidence that petitioner was ever provided a hearing, much less a hearing with all the constitutional rights to which he is entitled, his guilty plea in adult criminal court must be vacated. It appears that, as in this case, the court destroys the records of juvenile hearings after several years. So that the State is not prejudiced by this procedure, the prosecutor has available to him or her the defense of laches to which he or she must assert and then demonstrate at the hearing. To proceed with the laches defense in this case, the prosecutor simply had to show that the petitioner unreasonably delayed bringing his petition, that the record of the waiver hearing had been destroyed, and that the State had been prejudiced thereby. This would have required minimal effort on the part of the prosecutor. However, the prosecutor withdrew his defense of laches and then rested without further effort. In fact, he had to be prompted by the trial court to attempt to support his position. Since the prosecutor did not feel it necessary to provide an argument in this case proving laches, the petitioner should have been granted post-conviction relief.

Reversed.

GARRARD and CONOVER, JJ., concur.