816 N.E.2d 1164 (2004)
K.S., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A04-0308-JV-383.
Court of Appeals of Indiana.
November 1, 2004.
Katherine A. Cornelius, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION ON REHEARING
BARNES, Judge.
The State has filed a petition for rehearing requesting that we reconsider our decision in K.S. v. State, 807 N.E.2d 769 (Ind. Ct.App.2004). We grant the petition to acknowledge the State's contentions, but we reaffirm the result reached in our first opinion.
First, the State expands upon an argument at least implicitly made in its original brief, that the juvenile court sufficiently complied with Indiana Code Section 31-37-10-2 requiring juvenile court approval of a delinquency petition filing even though there is no record of the court here having done so. The State urges that this situation is analogous to one in which a trial court issues a search warrant but is not required to simultaneously issue an explicit order finding probable cause to support the warrant's issuance. We disagree. Court approval of the filing of a delinquency petition must be documented *1165 in the record, and the failure of the record to disclose the essential documents for a juvenile court's assumption of jurisdiction is fatal. See Duty v. State, 169 Ind.App. 621, 623-24, 349 N.E.2d 729, 731 (1976).
The second argument the State makes is that we erred in our original opinion on the question of whether the juvenile court's failure to indicate its approval of the filing of the delinquency petition was a non-waivable jurisdictional defect akin to a subject matter jurisdiction defect. The State originally made no argument regarding the type of jurisdiction at issue in this case, although K.S. clearly asserted that a jurisdictional defect existed. It is axiomatic that a petitioner may only seek rehearing on points raised in the original brief or briefs on appeal. Griffin v. State, 763 N.E.2d 450, 451 (Ind.2002). Thus, the State is not entitled to a proverbial "second bite at the apple" in this particular case. The reversal of K.S.'s delinquency adjudication and subsequent probation revocation stands.
Finally, the State essentially contends that we overlooked its original argument that the juvenile court's error in this case was, at most, harmless error. It cites no authority for the proposition that a jurisdictional error could ever be "harmless." Additionally, as our supreme court observed in an opinion handed down after our original opinion in this case, the juvenile code "affords juvenile courts a degree of discretion and flexibility, unparalleled in the criminal code, to address the needs of children and to act in their best interests." In re K.G., 808 N.E.2d 631, 637 (Ind.2004). One way in which this discretion and flexibility is implemented is by providing the juvenile court, and not the State, with the last say as to whether a delinquency proceeding should be commenced, as we discussed in our original opinion. See K.S., 807 N.E.2d at 771. As such, we reject the State's contention that this error was harmless.
We grant the State's petition for rehearing but reaffirm our original decision, subject to the above comments.
KIRSCH, C.J., concurs.
FRIEDLANDER, J., concurs in part and dissents.
FRIEDLANDER, Judge, concurring in part and dissenting.
I agree with the decision to grant the State's petition for rehearing, but not for the purpose of clarifying our original decision to reverse the delinquency finding. Rather, I would grant rehearing for the purposes of reversing our earlier decision and affirming the delinquency adjudication in all respects. For the reasons set out in a recent case authored by this writer, I believe the challenge raised here by K.S. was to the juvenile court's jurisdiction over K.S.'s particular case. See M.B. v. State, 815 N.E.2d 210 (Ind.Ct.App., 2004). As explained in M.B., the failure to challenge this jurisdictional element at the earliest opportunity waives the issue for appellate review. I would reverse our earlier decision and affirm the juvenile court in all respects.